Filed 9/9/21  P. v. Young CA4/3
Opinion following rehearing

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | G057741 |
|       v. | (Super. Ct. No. RIF106722) |
| WESLEY IRA YOUNG, | O P I N I O N |
|     Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Riverside County, John D. Molloy, Judge.  Reversed and remanded with directions.

Carl Fabian, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Matthew Rodriguez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, Lynne G. McGinnis and Quisteen S. Shum, Deputy Attorneys General, for Plaintiff and Respondent.

Wesley Ira Young appeals an order denying his petition to vacate his murder conviction and to be resentenced under Penal Code section 1170.95.[1] The order was made prior to the Supreme Court's recent decision in *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), which clarified the rules respecting the adjudication of resentencing petitions under section 1170.95. Because the trial court did not have the benefit of the *Lewis* decision in ruling on appellant's petition, we reverse its denial order and remand the matter for further proceedings consistent with that decision.

FACTUAL AND PROCEDURAL BACKGROUND

A detailed recitation of the underlying facts is set forth in the prior opinions we have written in this case. (See *People v. Scott et al.* (Mar. 30, 2009, G040888) [nonpub. opn.] (*Young I*) and *People v. Young* (Mar. 8, 2018, G040888) [nonpub. opn.] (*Young II*).) In short, appellant and several other members of his gang went to a party in Corona to exact revenge on Bryan Williams for a prior incident.[2] They started by attacking Williams in the garage and beating him up. Then, when the host of the party intervened and broke up the attack, three members of appellant's group pulled out guns and started shooting. One of the shots struck and killed party guest Daveon Lee.

Appellant and two other members of his group (Tavares Scott and Mario Gray) were charged with first degree premeditated murder, attempted premeditated murder and shooting at an inhabited dwelling. (§§ 187, subd. (a), 189, subd. (a), 664, subd. (a), 246.) The prosecution also alleged a special circumstance that the murder was committed to further the activities of a criminal street gang. (§ 190.2, subd. (a)(22).) And, it alleged as sentence enhancements that appellant acted for the benefit of such a gang and that he vicariously discharged a firearm causing death or great bodily injury. (§§ 186.22, subd. (b), 12022.53, subds. (d), (e).)

---

[1] All further statutory references are to the Penal Code.

[2] In *Young II*, we mistakenly identified Cedric Brewer as the person appellant's gang was after, when it was actually Williams.

2

During closing argument, the prosecutor asserted that because codefendant Gray implicated appellant as one of the shooters, the jury could find appellant guilty of murder on the basis he was the person who actually shot Lee. However, the prosecutor conceded the evidence was inconclusive as to that issue, and he would never be able to prove who Lee's killer was. Given the scant evidence it was appellant, the prosecutor relied heavily on aiding and abetting principles to secure appellant's conviction. He told the jurors they could convict appellant of murder as a direct aider and abettor if he assisted the shooter with the intent to carry out that offense. But even if appellant did not intend to kill Lee or actually help the perpetrator do so, he was still liable for murder under the natural and probable consequences theory of aiding and abetting because that offense was a foreseeable result of the initial assault and battery on Williams.

In addition to instructing on those two theories of aiding and abetting, the trial court also told the jurors, "If you decide that [appellant] has committed murder, you must decide whether it is murder in the first or second degree. [¶] [Appellant] is guilty of first degree murder if the People have proved that he acted willfully, deliberately, and with premeditation. [Appellant] acted willfully if he intended to kill. [Appellant] acted deliberately if he carefully weighed the considerations for and against his choice, and, knowing the consequences, decided to kill. [Appellant] acted with premeditation if he decided to kill before committing the act that caused death." "All other murders are of the second degree."

Appellant's mindset was also an issue with respect to the special circumstance allegation that the murder was committed to further the activities of a criminal street gang. The jury was instructed that in order to prove that allegation with respect to a defendant who was not the actual killer, but who was guilty of first degree murder as an aider and abettor, the prosecution must prove he acted with the intent to kill.

In the end, the jury convicted appellant as charged, and he was sentenced to life in prison without parole. On appeal, appellant challenged the jury's true finding on

3

the special circumstance allegation. He argued that with respect to accomplices, the gang special circumstance could only be applied if the defendant directly aided and abetted the murder, not if his murder liability stemmed from the natural and probable consequences doctrine. However, we rejected that argument for lack of authority and because it was not supported by the text of the special circumstance statute. (*Young I, supra*, G040888, at pp. 22-24.) We also determined there was sufficient evidence to support the defendants' murder convictions under the natural and probable consequences doctrine. (*Id*. at pp. 15-20.)

After the California Supreme Court denied review of our opinion in *Young I*, we granted appellant's request to recall the remittitur to consider what effect, if any, the decision in *People v. Chiu* (2014) 59 Cal.4th 155 (*Chiu*) had on his case. In *Chiu*, our Supreme Court recognized that it is generally permissible to find a defendant guilty of aiding and abetting a criminal offense based on the perpetrator's state of mind. However, because the mental state for premeditated murder is so "uniquely subjective and personal," a defendant cannot be convicted of aiding and abetting that offense unless he intended to commit it himself, i.e., he personally possessed a premeditated mindset. (*Id*. at pp. 166-167.) Applying that holding to appellant's case, we ruled that because the jury necessarily determined he acted with premeditation in finding him guilty of first degree murder, his conviction for that offense did not violate *Chiu*. (*Young II, supra*, G040888, at pp. 4-7.) Therefore, we again affirmed the judgment against him.

Following the enactment of section 1170.95 in 2018, appellant filed a pro per petition to have his murder conviction vacated and to be resentenced under that section. In his petition, appellant alleged he was charged with and convicted of first degree murder under the natural and probable consequences theory, and he could not be so convicted under the law as amended by Senate Bill No. 1437 (SB 1437). Appellant also asked the trial court to appoint him counsel during the resentencing process.

4

After receiving a lengthy opposition brief from the prosecution, the trial court scheduled a status conference on the petition.  Notice of the conference was sent to the Riverside Public Defender's Office in early April of 2019.

The status conference was held on April 12, 2019.  At the outset of the hearing, the deputy public defender declared a conflict, and the trial court appointed private attorney Virginia Blumenthal to represent appellant.  Ms. Blumenthal promptly asked for a continuance, but the trial court ignored her request and decided appellant was ineligible for resentencing due to the jury's true finding on the gang special circumstance allegation.  Without allowing any input from Ms. Blumenthal on the issue, the court ruled, "This was an intent to kill.  This matter is dismissed."  When Ms. Blumenthal objected to the ruling, the court concluded the hearing by saying, "All right.  Thank you, counsel."

On appeal, we reversed and remanded the matter for further proceedings. (*People v. Young* (Jan. 11, 2021, G057741) [nonpub. opn.] (*Young III*).)  Despite the jury's findings that appellant acted with the intent to kill and premeditation, we ruled those findings did not render him ineligible for resentencing because the jury did not make any findings regarding his actual role in the shooting.  Therefore, we reversed the denial order and remanded the matter for further proceedings.

The Attorney General petitioned for rehearing on a theory he did not raise in his appellate brief.  Relying on our ruling in *Young II* that appellant's conviction did not violate the holding of *Chiu*, the Attorney General argued that ruling precluded appellant from obtaining sentencing relief under section 1170.95.  In the interest of justice, we granted the Attorney General's petition for rehearing to consider this claim. (See *Alameda County Management Employees Assn. v. Superior Court* (2011) 195 Cal.App.4th 325, 338, fn. 10 [when good cause exists, courts may address an issue that was first raised on rehearing].)

5

After we set the matter for rehearing, however, the Supreme Court handed down its decision in *Lewis*. Because *Lewis* clarified the rules for how trial courts should adjudicate resentencing petitions under section 1170.95, we conclude the matter should be remanded to the trial court to apply those rules in the first instance before we weigh in on appellant's eligibility for resentencing.

## DISCUSSION

In *Lewis*, the Supreme Court recognized SB 1437 changed the substantive law of murder in two respects. (*Lewis, supra*, 11 Cal.5th at p. 959.) First, it restricted the felony murder rule by amending section 189. As amended, that section provides a person is liable for murder for a death occurring during the commission of an enumerated felony only if "(1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life . . . ." (§ 189, subd. (e).)

SB 1437 also abolished the natural and probable consequences doctrine in murder cases by adding an important limitation to section 188, which defines malice for purposes of murder. Section 188 now provides that, except when the felony murder rule applies, "in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)

Section 1170.95 is the procedural mechanism for challenging a murder conviction that was obtained in contravention of these new principles. As explained in *Lewis*, "Pursuant to section 1170.95, an offender must file a petition in the sentencing court averring that: '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner

6

was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.' (§ 1170.95, subds. (a)(1)–(3); see also § 1170.95 subd. (b)(1)(A).) Additionally, the petition shall state '[w]hether the petitioner requests the appointment of counsel.' (§ 1170.95, subd. (b)(1)(C).) If a petition fails to comply with subdivision (b)(1), 'the court may deny the petition without prejudice to the filing of another petition . . . .' (§ 1170.95, subd. (b)(2).)

"Where the petition complies with subdivision (b)'s three requirements, then the court proceeds to subdivision (c) to assess whether the petitioner has made 'a prima facie showing' for relief. (§ 1170.95, subd. (c).)

"If the trial court determines that a prima facie showing for relief has been made, the trial court issues an order to show cause, and then must hold a hearing 'to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not . . . previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence.' (§ 1170.95, subd. (d)(1).) 'The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens.' (§ 1170.95, subd. (d)(3).) At the hearing stage, 'the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' (§ 1170.95, subd. (d)(3).)" (*Lewis, supra*, 11 Cal.5th at pp. 959-960.)

The primary issue in *Lewis* was whether this statutory framework allows trial courts to reject a facially sufficient petition for resentencing based on the record of conviction without appointing counsel for the petitioner. Given the language, structure and purpose of section 1170.95, *Lewis* ruled trial courts may consider the record of

7

conviction in determining whether the petitioner has made a prima facie case for resentencing. (*Lewis, supra*, 11 Cal.5th at pp. 970-971.) However, they may not do so without appointing counsel and affording counsel an opportunity for briefing. (*Id*. at pp. 961-970.) Therefore, when the petitioner requests an attorney in conjunction with a facially sufficient petition for resentencing, the trial court must allow input from counsel before considering the merits of the petition. (*Ibid*.)

Beyond that, *Lewis* also made clear that the bar for establishing a prima facie case for resentencing is very low, and that the trial court's role in determining whether that bar has been cleared in a given case is quite limited. (*Lewis, supra*, 11 Cal.5th at pp. 970-972.) While the trial court may consider the underlying record of conviction, it must take petitioner's factual allegations as true and find in his favor unless the record shows he is ineligible for relief. (*Ibid*.)

In addition, *Lewis* cautioned that while prior appellate opinions are part of the record of conviction, their probative value is "case-specific" and "'might not supply all the answers'" in determining whether a petitioner is eligible for resentencing. (*Lewis, supra*, 11 Cal.5th at p. 972.) Furthermore, "[i]n reviewing any part of the record of conviction [for purposes of determining eligibility], a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.]" (*Ibid*.)

Because *Lewis* was so recently decided, neither the parties nor the trial court had the benefit of these rules when appellant's petition for resentencing was adjudicated. Yet they are obviously important because they bear on appellant's right to counsel and the scope of the trial court's review in assessing his petition. They are also highly relevant to the People's claim regarding the significance of our prior opinion in *Young II*. Therefore, we reverse and remand for further proceedings, which is precisely what the Supreme Court did in *Lewis* after issuing its ruling in that case. (*Lewis, supra*, 11 Cal.5th at p. 972.)

8

DISPOSITION

The trial court's order denying appellant's petition for resentencing is reversed, and the matter is remanded. The trial court is directed to consider appellant's petition anew and adjudicate the merits of the petition in light of the rules set forth in *Lewis*.


                                    BEDSWORTH, ACTING P. J.

WE CONCUR:


MOORE, J.


THOMPSON, J.